UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION


| | | |
|---|---|---|
| STEPHEN RADENTZ and MICHELE CATELLIER, | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:07-cv-1161-DFH-WGH |
| | ) | |
| MARION COUNTY, KENNETH ACKLES, Individually and in his Official Capacity as Marion County Coroner, and ALFARENA BALLEW, Individually and in her Official Capacity as Chief Deputy Coroner, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |


# ORDER ON PLAINTIFFS'
# MOTION TO COMPEL DISCOVERY

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Plaintiffs' Motion to Compel Discovery filed June 5, 2008. (Docket Nos. 58-59). The Defendants' Opposition to Plaintiffs' Motion to Compel Discovery was filed June 23, 2008. (Docket No. 62). The Plaintiffs filed a Reply Brief on June 27, 2008. (Docket No. 63).

The Plaintiffs' Motion to Compel Discovery in this suit alleging discrimi-nation raises four issues:[1]

---

[1]Because Interrogatory Nos. 16 and 17 are directed at obtaining the same type of information as Interrogatory Nos. 4, 5, and 6, the Magistrate Judge has considered the issue covering "relevancy" of the type of information to be the same in both cases and has addressed both issues 1 and 2 in the Plaintiffs' brief in one section.

**Issues 1 and 2:    May plaintiffs discover demographic data about the racial composition of the Marion County Coroner's Office ("MCCO") before and after Dr. Ackles took office?**

Interrogatory Nos. 4, 5, 6, 16, and 17 are directed to Marion County and request demographic data on the race of MCCO employees before and during Dr. Ackles' tenure as Coroner.  The Plaintiffs argue that they require such information to show that there was a pattern or practice of the policymaker's acquiescence in an unconstitutional custom or practice.  The Defendants argue that the Plaintiffs' attempts to discover information about the employees and employment practices of the MCCO is an impermissible fishing expedition because the other employees cannot serve as comparators to the Plaintiffs in this case, who are forensic pathologists.  The Defendants further argue that they have provided the Plaintiffs with information concerning the current independent contractor forensic pathologists who may be the only arguably similarly situated individuals to the Plaintiffs, and that no other data is relevant.

The Plaintiffs allege that Dr. Ackles engaged in an office-wide practice of replacing Caucasians with African Americans.  The MCCO is apparently an office with fewer than 20 employees.  (Plaintiffs' Reply Brief at 3).  Under these circumstances, where the alleged decision maker, Dr. Ackles, apparently has the ability to hire and fire all the employees in a relatively small office, the Magistrate Judge concludes that it may be relevant to determine whether (as in *Decorte v. Jordan,* 497 F.3d 433 (5th Cir. 2007)), there may be "gross statistical disparities" which may be probative of discriminatory intent, motive, or purpose.  Therefore,

the Magistrate Judge concludes that Interrogatory Nos. 4, 5, 6, 16, and 17 seek relevant information.

The Plaintiffs allege that the information sought in these interrogatories is outside the appropriate time period.  The Magistrate Judge concludes that the hiring practice information sought should be limited to that which occurred within one year of the termination of the Plaintiffs' contracts in December 2006. Therefore, Interrogatory No. 6 is amended to state, "Please identify each and every employee of the Marion County Coroner's Office by name, race, and job title as of December 26, 2007."

The Plaintiffs' Motion to Compel is, therefore, **GRANTED** as to these interrogatories.

**Issue 3:    Whether the Plaintiffs may inquire into legal advice the Defendants received regarding the legality of Forensic Pathology Associates of Indiana's ("FPAI's") contract with MCCO.**

The Plaintiffs seek to inquire into any advice Defendants received from attorneys to the effect that FPAI's contract with MCCO contained disadvantageous or illegal terms.  They concede that this advice is facially covered by the attorney-client privilege created by I.C. 34-46-31.  They wish to argue that this privilege has been waived when certain testimony was given concerning the subject, under oath, during a hearing before the EEOC.  The Defendants have not raised the advice of counsel or the legality of the contract as defenses in this case.  The Magistrate Judge concludes that until such time as the Defendants raise advice of counsel or the legality of the contract as a defense in this specific case, the

attorney-client privilege has not been explicitly waived by the testimony in another proceeding before the EEOC.  Portions of the transcript of Dr. Ackles' testimony indicates that there was contact with an attorney, but Dr. Ackles' testimony does not explicitly describe the precise communications between Dr. Ackles and counsel, such that a waiver of the attorney-client privilege can be fairly inferred from the testimony.  Therefore, the Motion to Compel is **DENIED** as to the Plaintiffs' request for further inquiry concerning materials protected by the attorney-client privilege.  However, should the Defendants attempt to amend their answer to include advice of counsel or the legality of the contract as defenses, the tendering of the Amended Answer would amount to a waiver of the privilege and further responses would be required.

**Issue 4:**      **Whether further answers to Interrogatory No. 21 are required to establish why the Defendants deny they acted under color of law.**

Defendants now admit that they acted at all times in their official capacity, and the Plaintiffs do not argue in their Reply Brief that further response is required.  Therefore, the Motion to Compel as to Interrogatory No. 21 is **DENIED.**

The supplemental answers to interrogatories required by this Order shall be served not later than fifteen (15) days from the date of this Order.

**SO ORDERED.**

**Dated:**  August 5, 2008

WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**<u>Electronic copies to</u>:**

Harold R. Bickham
BARNES & THORNBURG LLP
[hbickham@btlaw.com](mailto:hbickham@btlaw.com)

Jeffrey S. McQuary
BROWN TOMPKINS LORY
[jmcquary@brown-tompkins-lory.com](mailto:jmcquary@brown-tompkins-lory.com)

Kara M. Moorcroft
BARNES & THORNBURG LLP
[kara.moorcroft@btlaw.com](mailto:kara.moorcroft@btlaw.com)

Gary R. Welsh
[gwelsh@ameritech.net](mailto:gwelsh@ameritech.net)